IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:17-CR-055-D(3) |
| VS. | § | |
| | § | |
| ROGELIO XOCHITL AMPARAN, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Defendant Rogelio Xochitl Amparan ("Amparan") pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). On December 5, 2017 the court sentenced Amparan to 189 months' imprisonment to be followed by 5 years of supervised release. On May 4, 2021 Amparan filed a motion for immediate release on the basis of the First Step Act. For the reasons that follow, the court denies the motion in part (to the extent based on COVID-19 grounds) and defers it in part.[1]

I

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after

---

[1] To the extent that Amparan requests home confinement, the motion is denied. Neither the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136 (2020), nor the First Step Act authorizes *the court* to release an inmate to home confinement. "The [BOP] has the sole authority to designate a prisoner's place of incarceration." *United States v. Chaney*, 823 Fed. Appx. 278, 279 (5th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3621(b); *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993)) (holding that prisoner had not "shown a ground for reversal based on the district court's determination that it lacked the authority to order that he serve the remainder of his sentence of imprisonment under home confinement").

exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2]  When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).

## II

In support of his motion, Amparan contends that he is at a high risk for contracting COVID-19 due to his immediate living conditions, population density at his facility, and lack of appropriate preventative measures employed at his facility; that the counties surrounding his facility are experiencing a COVID-19 outbreak via community transmission; and that he is the only male figure within his family because his father is in Mexico and has no connection to the family and his brother was kidnaped and then killed in Mexico, leaving two children whom he will need to raise and support.  The court addresses in this order the COVID-19-based grounds of Amparan's motion, and defers consideration of the other grounds.

## III

"[G]eneralized fear of COVID-19 does not automatically entitle a prisoner to release." *United States v. Cheek*, 834 Fed. Appx. 957, 958 (5th Cir. 2021) (per curiam) (citing *United States v. Thompson*, 984 F.3d 431, 431 (5th Cir. 2021)).  But in light of the court's decision below that,

---

[2]Amparan maintains that he satisfied the exhaustion requirement because his request for compassionate release was denied by his facility and because he did not receive a response to a subsequent request.  The court will assume *arguendo* that he has properly exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

considering the § 3553(a) factors, Amparan should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See, e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining in case involving child pornography offenses to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release after serving less than half of his sentence would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

A

As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "Consideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

B

Amparan is currently serving a 189-month sentence for committing a very serious drug offense. He is not eligible for release from prison until November 9, 2030. If the court grants Amparan's motion, it will be ordering him released more than *9 years* before he would otherwise be eligible. Not only would Amparan's release not be in the interest of justice, it would minimize the seriousness of his crime and would fail to afford adequate deterrence to this type of criminal conduct.

Concerning whether he poses a danger to the public, Amparan contends that he has been evaluated to have a low community risk and a low likelihood of committing another crime; that he has demonstrated a high level of integrity and responsibility in carrying out his obligations as a prison inmate; that he has provided valuable, immeasurable service and respect to his fellow inmates, as well as to institutional staff; that he has received just one minor disciplinary report throughout his incarceration; and that he has successfully completed several self-improvement and educational programs. But he has failed to offer any evidence to substantiate these assertions. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). And the undersigned as the sentencing judge is aware of Amparan's relevant offense conduct and finds that he would pose a danger to the public if released. *See United States v. Keys*, ___ Fed. Appx. ___, 2021 WL 1732282, at *1 (5th Cir. Apr. 30, 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying his motion for compassionate release despite defendant's contention that his post-sentencing conduct showed that he was no longer a danger to the public).

The court therefore denies Amparan's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

V

To the extent Amparan relies on grounds other than COVID-19 for seeking compassionate release, the court directs the government to file a response, which it may file under seal, no later than May 27, 2021.  Amparan may file a reply to the government's response, which he may file under seal, no later than 21 days after the date the government's response is filed.

\* \* \*

Accordingly, for the reasons explained, the court denies the part of Amparan's May 4, 2021 motion for compassionate release that is based on COVID-19 grounds, and otherwise defers a ruling on the motion.

**SO ORDERED**.

May 6, 2021.

*[signature]*
SIDNEY A. FITZWATER
SENIOR JUDGE