IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:17-CR-055-D(3) |
| VS. | § | |
| | § | |
| ROGELIO XOCHITL AMPARAN, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On May 4, 2021 defendant Rogelio Xochitl Amparan ("Amparan") filed a motion for immediate release on the basis of the First Step Act. The court addressed and denied the part of his motion that rested on COVID-based grounds. The court now rules on the part of his motion that seeks immediate release on a basis other than COVID. For the reasons explained, the court denies the balance of Amparan's motion.

I

Amparan pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). On December 5, 2017 the court sentenced Amparan to 189 months' imprisonment to be followed by 5 years of supervised release. On May 6, 2021 the court denied the part of Amparan's May 4, 2021 motion for compassionate release that was based on COVID grounds and deferred a ruling on the part of the motion that was based on non-COVID grounds. The non-COVID basis for his motion is that he is the only male figure within his family because his father is in Mexico and has no connection to the family, and his brother was kidnaped and then killed in Mexico, leaving two children whom he will need to raise and support. The court now addresses that ground. The government opposes his

motion.

## II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[*] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). But "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

## III

The court is not persuaded that Amparan has presented any extraordinary and compelling circumstances that warrant a sentence reduction. For example, among the grounds on which he relies, Amparan maintains that he is the only *male* figure available to support the two children at issue. But he has not established that he is the only available care-giver for the children. *See United*

---

[*]Amparan maintains that he satisfied the exhaustion requirement because his request for compassionate release was denied by his facility and because he did not receive a response to a subsequent request. Although the government maintains in its response that Amparan has not demonstrated that he has exhausted his administrative remedies, the court will assume *arguendo* that he has, as required under 18 U.S.C. § 3582(c)(1)(A).

*States v. Hudec*, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) (denying defendant's motion for a sentence reduction based on his need to provide care for his father because defendant was not the only available care-giver). Even so, in view of the court's decision below that, considering the § 3553(a) factors, Amparan should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling circumstances that warrant a sentence reduction. *See, e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reasons for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release after serving less than half of his sentence would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the applicable § 3553(a) factors.

As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there

are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

The court considers the first two components of § 3553(a)(2) together. Amparan is currently serving a 189-month sentence for committing a very serious drug offense. He is not eligible for release from prison until November 9, 2030. If the court grants his motion, it will be ordering him released more than *9 years* before he would otherwise be eligible. Not only would Amparan's release not be in the interest of justice, it would minimize the seriousness of his crime and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Amparan contends that he has been evaluated to have a low community risk and a low likelihood of committing another crime; that he has demonstrated a high level of integrity and responsibility in carrying out his obligations as a prison inmate; that he has provided valuable, immeasurable service and respect to his fellow inmates, as well as to institutional staff; that he has received just one minor disciplinary report throughout his incarceration; and that he has successfully completed several self-improvement and educational programs. But he has failed to offer any evidence to substantiate these assertions. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Amparan's relevant offense conduct and finds that he would pose a danger to the public if released. *See United States v. Keys*, 846 Fed.

Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).  As the government points out in its opposition response, Amparan distributed large amounts of methamphetamine in Amarillo, Texas for at least four years. Along with his brother, Amparan was a leader in the criminal organization that transported a large amount of liquid methamphetamine to Amarillo, converted the liquid to crystal methamphetamine, and distributed it in the Amarillo area. And Amparan put a six-year-old child at risk by operating a methamphetamine conversion lab in a residence.

The court therefore finds, based on its analysis of the pertinent § 3553(a) factors, that Amparan's sentence should not be reduced.  *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\*   \*   \*

Accordingly, for the reasons explained, the court denies the part of Amparan's May 4, 2021 motion for compassionate release that is based on non-COVID grounds.  The entire motion is now terminated.

**SO ORDERED**.

July 9, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE