IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:17-CR-055-D(03) |
| VS. | § | |
| | § | |
| ROGELIO XOCHITL AMPARAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The September 10, 2024 motion for reconsideration of defendant Rogelio Xochitl Amparan ("Amparan") is denied.

I

Amparan pleaded guilty to the offense of possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). On December 5, 2017 the court sentenced him to 189 months' imprisonment, followed by 5 years of supervised release. On May 13, 2024 Amparan filed under 18 U.S.C. § 3582(c)(2) a motion for reduction of sentence based on Amendment 821 to the Federal Sentencing Guidelines. On July 26, 2024 the court denied Amparan's motion. On September 10, 2024 Amparan filed the instant motion for reconsideration of the court's July 26, 2024 order.

II

In his June 18, 2024 objection to the U.S. Probation Office's Amendment 821 worksheet, Amparan asserted that he "was not a level 43 that the worksheet states; he was dropped to level 35 with a sentencing range of 168-210 months." D. Obj. (ECF No. 127) at 1. He also maintained that "[t]he probation department should review the record and see that a big mistake was made and that the judge rejected the 8 levels of enhancements that the probation department asked for [, which] is critical when it comes to changes in the law when it affects a defendants' sentence." *Id.* In his motion to reconsider, Amparan again contends that he qualifies for relief under Amendment 821 as a "zero-point" offender. D. Mot. (ECF No. 133) at 1.

The court has reviewed the transcript from Amparan's December 5, 2017 sentencing as well as the presentence report, which the court accepted, and concludes as it did in its July 26, 2024 order that Amparan is not entitled to a sentence reduction. Although the court varied downward in sentencing Amparan to 189 months' imprisonment, his base offense level, as reflected in the presentence report, was 43. Amparan qualifies for a 2-level decrease in the offense level pursuant to U.S.S.G. § 4C1.1 (zero point offender), but this results in a total offense level of 41, criminal history category I, and an amended guideline range of 324 to 405 months, which is greater than Amparan's original sentence of 189 months. Under U.S.S.G. § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under . . . this subsection."

Amparan is therefore ineligible for a further reduction.

* * *

Accordingly, the court denies Amparan's September 10, 2024 motion for reconsideration.

**SO ORDERED**.

September 12, 2024.

                                        SIDNEY A. FITZWATER
                                        SENIOR JUDGE