IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:17-CR-055-D(3) |
| VS. | § | |
| | § | |
| ROGELIO XOCHITL AMPARAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

On March 27, 2025 defendant Rogelio Xochitl Amparan ("Amparan") filed a motion for sentence reduction under 18 U.S.C. § 3582 and Amendment 814 and a motion for appointment of counsel. For the reasons that follow, the court denies the motions.

I

Amparan pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). On December 5, 2017 the court sentenced him to 189 months' imprisonment to be followed by 5 years of supervised release.

On May 4, 2021 Amparan filed a motion for immediate release under the First Step Act of 2018 based on the COVID-19 pandemic. The court on July 9, 2021 denied Amparan's motion. On May 13, 2024 Amparan filed under 18 U.S.C. § 3582(c)(2) a motion for reduction of sentence based on Amendment 821 to the Federal Sentencing Guidelines. The court also denied this motion. Amparan filed on September 10, 2024 a motion for

reconsideration of the court's order denying his Amendment 821 motion, which the court also denied.

Amparan now moves for a sentence reduction under 18 U.S.C. § 3582 and Amendment 814 and for appointment of counsel. On April 2, 2025 the court ordered the government to respond to Amparan's sentence-reduction motion, which it did on April 17, 2025. Amparan filed a reply on May 28, 2025, and his motions are now ripe for decision.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.\* When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the

---

\*In his motion, Amparan contends that he "exhausted his administrative remedies." D. Mot. 3. Although he has not adduced any evidence that would support this contention, because doing so does not change the outcome in the decision on Amparan's motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).  To be clear, the court does not consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

### III

### A

Amparan moves for a sentence reduction based on alleged "extraordinary circumstances" under U.S.S.G. § 1B1.13(b)(6), which provides:

> [i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In support of his motion, he contends: he has been incarcerated for nearly ten years since his sentence; he received a long sentence; and he has a remarkable record of rehabilitation that shows that, if released, he would no longer be a danger to the public.

At the outset, the court notes that U.S.S.G. § 1B1.13(b)(6) does not appear to apply by its own terms because Amparan has not served at least 10 years of his term of imprisonment.  Nevertheless, because the court concludes below that Amparan's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that he has

shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

B

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give "'specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461,

463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Amparan is currently serving a 189-month sentence for distributing a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large. He, along with his brother, was a leader in a criminal organization that transported a large amount of liquid methamphetamine to Amarillo, converted the liquid to crystal methamphetamine, and distributed it in the Amarillo area. He also put a six-year-old child at risk by operating a methamphetamine conversion lab in his codefendant's residence. Amparan is not eligible for release from prison until November 9, 2029. If the court grants his motion, it will be ordering him released more than *4 years* before he would otherwise be eligible. Not only would Amparan's release not be in the interest of justice, it would minimize the seriousness of his crimes and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, inter alia, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Amparan contends that his "extensive post-rehabilitation, physical and mental condition following his medical history forecloses a probability of dangerous recidivism," and that "[h]aving undergone several years of incarceration and having experienced physical and mental deterioration during these years, [he] does not constitute a danger to any other person or to the community." D. Mot. 5. But he has failed to provide sufficient evidence to support his

contention that he would not be a danger to the safety of any other person or the community if released. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Amparan's relevant offense conduct and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Amparan's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

IV

Amparan also moves for appointment of counsel. The court denies his motion.

A defendant has no constitutional right to appointed counsel in pursuing a motion of this type. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). The

decision whether to appoint counsel is within the court's discretion. *Id*. at 1011. Because Amparan has failed to provide the court any grounds that persuade it to exercise its discretion to appoint counsel, the court denies his motion.

\*   \*   \*

Accordingly, for the reasons explained, the court denies Amparan's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and Amendment 814 and his motion for appointed counsel.

**SO ORDERED**.

July 30, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE